Labourers' Pension Fund of Cent. & E. Can. v CVS Health Corp. (2021 NY Slip Op 01327)





Labourers' Pension Fund of Cent. & E. Can. v CVS Health Corp.


2021 NY Slip Op 01327


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 651700/19 Appeal No. 13271 Case No. 2020-0289 

[*1]Labourers' Pension Fund of Central & Eastern Canada, etc., Plaintiff-Respondent,
v
CVS Health Corporation, et al., Defendants-Appellants.


Lupkin PLLC, New York (Jonathan D. Lupkin of counsel), and Williams & Connolly LLP, Washington DC (Steven M. Farina, Michael J, Mestitz and Amanda M. MacDonald of the Bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Labaton Sucharow LLP, New York (Jonathan Gardner of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered June 3, 2020, which, to the extent appealed from, denied the portion of defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7), unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Having disclaimed any claim based on fraud or deceit, and having expressly based the claim on negligence and strict liability, plaintiff could not state a claim for a dishonestly held opinion under section 11 of the 1933 Securities Act (Omnicare, Inc. v Laborers Dist. Council Constr. Indus. Pension Fund, 575 US 175 [2015]). Plaintiff failed to plead an actionable opinion under the embedded-facts prong of Omnicare, because it did not identify any embedded facts in the opinion on goodwill (id. at 185). Plaintiff failed to plead an actionable opinion under the omission prong of Omnicare, because the nature of the inquiry in forming the opinion was disclosed and plaintiff does not allege that the stated methodology was not followed (id. at 185-186, 194).
In reviewing the registration statement as a whole, the fact that defendants' risk disclosures identified the risk as contingent rather than actual did not render the registration statement misleading, in light of the "total mix" of information (Jianming Lyu v Ruhnn Holdings Ltd., 189 AD3d 441, 441 [1st Dept 2020] [internal quotation marks omitted]).
Plaintiff's allegations that the individual defendants were statutory sellers merely because they reviewed, approved, and signed the registration statement are insufficient (see Citiline Holdings, Inc. v iStar Fin. Inc., 701 F Supp 2d 506, 512 [SD NY 2010]).
Because there is no underlying violation, there is no basis for control person liability under section 15 of the 1933 Act.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021